a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SIRCHARLES DUSESOI #720218,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-05445<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| RAYMOND LABORDE<br>CORRECTIONAL CENTER ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff SirCharles Dusesoi ("Dusesoi"). Dusesoi is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. He alleges that he was subjected to excessive force.

Because additional information is needed to evaluate Dusesoi's claim, he must AMEND the Complaint.

I. **Background**

Dusesoi alleges that while being escorted back to his housing unit from the infirmary, he "made contact with" Majors Hicks and McKnight. Major Hicks advised Dusesoi that he would be housed in disciplinary segregation for a rule violation. ECF No. 6 at 3. Dusesoi alleges that when he turned around to ask Major McKnight why he was being moved to segregation, Major Hicks shoved him forcefully to the pavement.

1

Major Hicks then stood over Dusesoi and screamed at him to get up. *Id.* at 4. Dusesoi alleges that he could not get up without assistance because he was in full restraints and leg irons. *Id.* at 3-4. Because Dusesoi could not comply with the order to "get up," Major Hicks administered chemical agent for 15-30 seconds. ECF No. 6 at 4.

Dusesoi alleges that Majors Hicks and McKnight, Master Sgt. Green, Master Sgt. Gremillion, Lt. Mier, and Sgt. Pickens all "belittled" him and "acted with unprofessionalism by making a joke of this while trying to humiliate [Dusesoi]." *Id.*

The officer picked Dusesoi up off the ground and placed him in the shower area. Dusesoi made multiple requests for medical care following the incident complaining of headaches, vision problems, and chest pains, but his requests were allegedly ignored. *Id.*

## II. Law and Analysis

Dusesoi alleges that the officer's use of force was justified because Dusesoi tried to head-butt Major Hicks. ECF No. 6 at 4. Dusesoi does not state whether he was charged with and convicted of a disciplinary violation for the incident. If so, he must state the charge for which he was convicted and what sanctions he received. Specifically, Dusesoi must state whether he lost any good time credits. *See Edwards v. Balisok*, 520 U.S. 641 (1997).

Additionally, Dusesoi alleges that he has been denied medical care. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs

of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Dusesoi must amend to identify the individuals that denied him of medical care and provide the dates on which he made written requests for medial treatment.

Dusesoi must also amend to allege a serious medical need, which has been defined as a need "for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006) (citing *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1187 (11th Cir.1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002)). Dusesoi claims that he requested care for "headaches dealing with [his] vision" and "off and on chest pains." ECF No. 6 at 4. Dusesoi must explain these ailments and indicate whether he continues to experience them. He must also state what treatment he believes he needed and was not provided and what injury he suffered from the alleged deprivation.

### III. Conclusion

Because additional information is needed to evaluate Dusesoi's claim, IT IS HEREBY ORDERD that he AMEND the Complaint (ECF No. 6) to provide the information outlined within 30 days of the date of this Order.

SIGNED on Monday, December 5, 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE