a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SIRCHARLES DUSESOI #720218, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05445 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| RAYMOND LABORDE CORRECTIONAL CENTER ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff SirCharles Dusesoi ("Dusesoi"). Dusesoi is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. He alleges that he was subjected to excessive force and denied medical care.

Because Dusesoi has failed to comply with the Court's Order to amend, the Complaint (ECF No. 6) should be DISMISSED WITHOUT PREJUDICE.

I.   Background

Dusesoi alleges that while being escorted back to his housing unit from the infirmary, he "made contact with" Majors Hicks and McKnight. Major Hicks advised Dusesoi that he would be housed in disciplinary segregation for a rule violation. ECF No. 6 at 3. Dusesoi alleges that when he turned around to ask Major McKnight why he was being moved to segregation, Major Hicks shoved him forcefully to the pavement.

1

Major Hicks then stood over Dusesoi and screamed at him to get up. *Id.* at 4. Dusesoi alleges that he could not get up without assistance because he was in full restraints and leg irons. *Id.* at 3-4. Because Dusesoi could not comply with the order to "get up," Major Hicks administered chemical agent for 15-30 seconds. ECF No. 6 at 4.

Dusesoi alleges that Majors Hicks and McKnight, Master Sgt. Green, Master Sgt. Gremillion, Lt. Mier, and Sgt. Pickens all "belittled" him and "acted with unprofessionalism by making a joke of this while trying to humiliate [Dusesoi]." *Id.*

The officer picked Dusesoi up off the ground and placed him in the shower area. Dusesoi made multiple requests for medical care following the incident complaining of headaches, vision problems, and chest pains, but his requests were allegedly ignored. *Id.*

## II.   Law and Analysis

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss an action sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Dusesoi was ordered to amend his Complaint to provide additional information regarding his claim. ECF No. 9. Dusesoi was afforded 30 days within which to comply

with the Order. *Id.* More than 60 days have passed since the Court's Order, and Dusesoi has failed to comply or request an extension of time in which to do so.

### III. Conclusion

Because Dusesoi has failed to comply with the Court's Order, IT IS RECOMMENDED that the Complaint (ECF No. 6) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, February 21, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE